Judge Owsley
delivered the Opinion of the Court.
This writ of error is prosecuted to reverse a judgment recovered by tíre administrators of Manners, in an action of assumpsit brought by them against the executors of Head.
Non-assumpsit and non-assumpsit within five years next before the commencement of the action was pleaded by the executors of Head, and after the jury had found a verdict for the administrators of Manners, a new trial was moved by the executors of Head, but their motion was overruled, and the evidence made part of the record, by bill of exceptions.
Several grounds were relied on by the executors of Head, in their motion for anew trial; one only need however be noticed. It is that of the verdict being contrary to evidence.
By the issues joined the onus probandi was cast upon the administrators of Manners. They held the affirmative of both issues, and before they could be entitled to a verdict, were bound to prove a pre- *186 mine or acknowledgment of an existing debt, by the testator or bis executors, within five years next before the commencement of the action. Upon adverting to the evidence contained in the bill of exceptions, no such proof is, however, perceived. It was proved that after the death of Head, one of his executors acknowledged that the work for which the action is brought, had been done by Manners in his life time, and that the executor, at the same time, stated to the administrators of Manners, that the price of the work ought or should be paid; but there is no evidence contained in the record from which any inference can be drawn as to the time the acknowledgment was made. Were we, therefore, to admit, as was contended for on the part of the administrators of Manners in argument, that the jury were at liberty to infer from the acknowledgment proved, a promise to pay by .the executor of Head, still as that acknowledgment is not proved to have been within five years next before the commencement of the action, the issue was not maintained on the part of Manners’ administrators, and of course the jury were wrong in finding a verdict for them. A new trial ought, therefore, to have been awarded.
Chapeze, for plaintiffs; Hardin, for defendants,
The judgment must, consequently, he reversed with cost, the cause remanded to the court below and the verdict of the jury set aside and a venire de novo awarded.